**EXHIBIT 1**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br><br> A.M. CASTLE & CO., a corporate entity form unknown; and DOES 1-50, inclusive <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br><br> STEVE THARP, an individual | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse <br><br> 111 North Hill Street <br> Los Angeles, CA 90012 | CASE NUMBER: <br> *(Número del Caso):* <br> 20STCV42373 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jihad M. Smaili, Esq., 600 W Santa Ana Blvd., Ste. 202, Santa Ana, CA 92701; 714-547-4700

Sherri R. Carter Executive Officer / Clerk of Court

| | | | |
|---|---|---|---|
| DATE: 11/05/2020 <br> *(Fecha)* | Clerk, by <br> *(Secretario)* | R. Perez | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Electronically FILED by Superior Court of California, County of Los Angeles on 11/05/2020 11:47 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
Case 2:20-cv-11628-CAS-AFM   Document 1-1   20STCV42373 Filed 12/24/20   Page 3 of 26   Page ID #:11
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Alarcon

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STEVE THARP, an individual; | Case No.:  20STCV42373 |
| Plaintiff, | Assigned for all purposes to the |
| v. | **COMPLAINT:** |
| A.M. CASTLE & CO., a corporate entity form unknown; and DOES 1-50, inclusive, | 1. Disability Discrimination in Violation of Gov. Code §12940 *et seq.* |
| Defendants. | 2. Age Discrimination in Violation of Gov. Code §12940 *et seq.* |
| | 3. Failure to Accommodate in Violation of Gov. Code § 12940(m) |
| | 4. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n) |
| | 5. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k) |
| | 6. Retaliation in Violation of Gov. Code §12940(h) |
| | 7. Failure To Pay Minimum Wages And Overtime Wages |
| | 8. Wrongful Termination |
| | 9. Meal and Rest Break Violations |
| | 10. Violation of Business & Professions Code § 17200 *et seq.* |
| | **DEMAND FOR JURY TRIAL** **UNLIMITED JURISDICTION** |

*Smaili & Associates, P.C.*

COMPLAINT

1

Plaintiff Steve Tharp (hereinafter "Plaintiff" and/or "Tharp") alleges as follows:

**THE PARTIES**

1.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant A.M. Castle & Co. ("Castle"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Los Angeles.  Plaintiff is further informed and believes and thereon alleges that Castle was transacting business in the County of Los Angeles, State of California, at the time claims of Plaintiff arose.  At all times relevant, Castle was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.     Each reference in this complaint to "Defendant" and/or "Defendants" refers to Castle and also refers to all Defendants sued under fictitious names, jointly and severally.

5.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants,

and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.  Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.  Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.     Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

///

///

**VENUE AND JURISDICTION**

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Paramount, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Los Angeles, State of California.

**FACTUAL BACKGROUND**

10.     On or about November 11, 2003, Plaintiff was hired by Defendant. Plaintiff's last position at Defendant was Senior Buyer and his job duties included, but were not limited to, purchasing aluminum extrusions and aluminum plates for the metals distributor. Plaintiff was paid $41.27 per hour and worked full time.

11.     On or about February 6, 2019, Nesel Estrada, a Defendant employee, allegedly lodged a harassment complaint against Plaintiff. The allegations that were later presented to Plaintiff by Defendant were that Plaintiff touched Ms. Estrada's hair, massaged her, and "touched her inappropriately."

12.     On or about February 14, 2019, Plaintiff was informed of this alleged complaint by Barry Brice, a Defendant Product Manager. Plaintiff denied touching Ms. Estrada or messaging her but acknowledge speaking to her and touching her hair after she extended it towards him.

13.     Without further investigation, Plaintiff was given a final written warning by Mr. Brice. Plaintiff is informed and believes that he was given this warning as part of an effort to concoct a pretextual reason to terminate him on the basis of his age. As part of this final warning, Plaintiff was instructed not to "under any circumstances … have contact with [Ms. Estrada]."

14.     Approximately a month later, on or about March 6, 2019, Plaintiff inadvertently entered the same breakroom as Ms. Estrada and was reprimanded by Erin Murphy, Defendant's H.R. Business Partner. Incredulously, Ms. Murphy sent Plaintiff a schedule of Ms. Estrada's meal and rest times and asked him to avoid the breakroom near Ms. Estrada during those times. Plaintiff is informed and believes that this reprimand was on the basis of his age.

15.     In or around April 2019, Defendant had a fire drill. In the midst of the drill, Plaintiff inadvertently made eye contact with Ms. Estrada while he was looking around the office so as to avoid being near her.   Several weeks later, Plaintiff inadvertently passed Ms. Estrada in the hall.

16.     In or around May 2019, Plaintiff began to suffer from severe stress related to the unrealistic requirement of avoiding contact with Ms. Estrada "under any circumstance" imposed on him by Defendant. During the same month, Defendant had a company town hall meeting and Plaintiff called off work just to avoid of inadvertently running into Ms. Estrada again and suffering further stress.

17.     In or around early June 2019, Plaintiff was forced to retrieve a key from someone who worked in the same room as Ms. Estrada. Plaintiff retrieved the key and did not see Ms. Estrada in the room.

18.     On or about June 13, 2019, Plaintiff complained to Defendant's HR Director Tanisha Watkins, Defendant Legal and Mr. Brice about severe work-related stress. This work-related stress rendered Plaintiff disabled within the meaning of *Gov't Code* §12926 because Plaintiff's mental condition prevented Plaintiff from performing major life functions, including, without limitation, working. Plaintiff said that he was suffering from insomnia due to the excessive scrutiny being placed on him after the February 2019 complaint. Ms. Watkins responded by telling Plaintiff Defendant would send him some information but nothing happened. Despite learning of Plaintiff's work-related injury, i.e. disability, Defendant failed to engage Plaintiff in a good faith interactive process and failed to accommodate him.

19.     On or about June 14, 2019, Plaintiff was sent home from work early by his supervisor. On or about June 17, 2019, Plaintiff was told to work from home. On or about June 18, 2019, Plaintiff was terminated via conference call by Ms. Watkins, Mr. Brice and Defendant legal. Shortly thereafter, Ms. Estrada was terminated as well.

20.     Plaintiff was 61 years old when he was terminated. Plaintiff is informed and believes that he was replaced by someone much younger. Plaintiff is further informed

and believes that he was terminated on the basis of his age and for reporting a work-related injury.

21. Before filing this lawsuit, his exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated December 2, 2019.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE § 12940 *ET SEQ*.

#### (Against All Defendants)

22. Plaintiff refers to all allegations contained in paragraphs 1-21, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

23. California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

24. Plaintiff has a disability as alleged above.

25. Defendant was aware of Plaintiff's on the job injury and his resulting disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

26. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

27. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate

Smaili & Associates, P.C.

Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

28.     Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

29.     As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

30.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to Plaintiff's damage in an amount subject to proof at trial.

31.     Plaintiff  is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff 's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

32.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

33.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

COMPLAINT

7

34.     Plaintiff is informed and believes and thereon alleges that Plaintiff's on the job injury and resulting disability was a motivating factor in the decision of Defendant to discriminate against him and terminate him.

35.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

36.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

37.     Plaintiff  also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

## AGE DISCRIMINATION

## IN VIOLATION OF  GOV. CODE § 12940 ET SEQ.

### (Against all Defendants)

38.     Plaintiff refers to all allegations contained in paragraphs 1-37, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

39.     At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant.  These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

40.     At the time of Plaintiff's injury and at the time of Plaintiff's termination, and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40.  Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional

and willful.

41.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

42.     Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

43.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

44.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

45.     Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

46.     As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

47.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

48.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

COMPLAINT

9

enabled agents to believe that their conduct was appropriate.

49. Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

50. Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

51. The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

52. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 et seq.

**THIRD CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940(m)**

**(Against All Defendants)**

53. Plaintiff refers to all allegations contained in paragraphs 1-52, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

54. Plaintiff has a disability as alleged above.

55. Defendant was aware of Plaintiff's disability, as alleged above and herein.

56. Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address Plaintiff's needs in light of his disabilities.

57. At all times herein alleged, Plaintiff was qualified for the position of

COMPLAINT

10

employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

58.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

59.    As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in an amount of at least three hundred thousand dollars, all subject to proof at the time of trial.

60.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

61.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

62.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

63.    Plaintiff is informed and believes and thereon alleges that Defendant has a

COMPLAINT

11

systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

64.    Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

65.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

66.    The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

67.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

### (Against All Defendants)

68.    Plaintiff refers to all allegations contained in paragraphs 1-67, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

69.    Plaintiff has a disability as alleged above.

70.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

71.    Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with his job.

72.    At all times herein alleged, Plaintiff was qualified for the position of

employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

73.     Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

74.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars, subject to proof at the time of trial.

75.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

76.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

77.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

78.     Plaintiff is informed and believes and thereon alleges that Defendant has a

systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

79.   Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

80.   The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

81.   The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

82.   Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION
### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

#### (Against All Defendants)

83.   Plaintiff refers to all allegations contained in paragraphs 1-82, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

84.   During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of his disability and participation in protected conduct in violation of *Government Code* §12940(k).

85.   As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,

and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

86.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

87.    Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

88.    As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

89.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.    The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

90.    Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE §12940(h)
### (Against All Defendants)

91.    Plaintiff refers to all allegations contained in paragraphs 1-90, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

92.   At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

93.   Plaintiff is informed and believes and thereon alleges that as a consequence of lodging complaints with Defendants about the harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability sustained while on-the-job for which workers compensation coverage was required along with reasonable accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with Plaintiff  job, failing to determine the essential functions of Plaintiff's job, mistreat Plaintiff, and deny Plaintiff advancement and promotion.

94.   Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity after being injured on the job, such as without limitation, filing or intending to file for workers' compensation benefits due to safety concerns and requesting accommodation, and, lodging workplace complaints related to the harassment and discrimination that he was facing, and other complaints of a hostile and unsafe working environment.

95.   As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

96.   These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

97.   Plaintiff has incurred and continues to incur legal expenses and attorney

Smaili & Associates, P.C.

fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

### SEVENTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES AND OVERTIME WAGES
#### (Against all Defendants)

98.    Plaintiff refers to all allegations contained in paragraphs 1-102, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

99.    *Labor Code* §204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work, including overtime.

100.    *Labor Code* §1194 states in pertinent part, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

101.    *Labor Code* §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

102.    Pursuant to *Labor Code* §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

103.    While employed by Defendants, and at all times relevant herein, Plaintiff was misclassified as an exempt employee. Defendants, as a matter of established policy and procedure, at each and every one of the offices owned and/or operated by Defendants at which Plaintiff performed work, consistently;

   a)  Administered a uniform policy and practice as to the pay policies regarding Plaintiff;

b)      Scheduled to work and in fact required Plaintiff to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek without paying overtime compensation for all hours Plaintiff was under Defendants' control;

c)      Failed to pay Plaintiff overtime compensation for all work accomplished in excess of eight (8) hours per day and/or forty (40) hours per week; and

d)      Failed to pay Plaintiff the full rate of compensation promised and contracted.

104.   Defendants' pattern, practice and uniform administration of policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to *Labor Code* §218 and *Labor Code* §1194, to recovery, in a civil action, for the unpaid balance of the full amount of the wages and overtime premiums owing.

105.    Pursuant to *Labor Code* §218.6, *Labor Code* §1194(a) and *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

106.   Pursuant to *Labor Code* §1194, Plaintiff requests that the Court award reasonable attorneys' fees and costs incurred by him in this action pursuant to statute.

107.   Pursuant to the California Supreme Court's holding in *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, Plaintiff is entitled to extend the statutory period to four years in conjunction with Plaintiff's claim for violation of *Bus. & Prof. Code* §17200 et seq.

### EIGHTH CAUSE OF ACTION
### WRONGFUL TERMINATION
#### (Against All Defendants)

108.   Plaintiff refers to all allegations contained in paragraphs 1-108, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

109.   Plaintiff informed Defendants that he suffered from disabilities.  Further,

COMPLAINT

18

Smail & Associates, P.C.

Defendants were aware of Plaintiff's requests for accommodation and complaints about his workplace environment. Defendants were also aware that Plaintiff filed a worker's compensation claim and sought medical treatment pursuant to the same.

110. *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

111. *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

112. *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

113. *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

114. Defendant terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against him because: (i) he suffered an on the job injury, (ii) he had a disability, (iii) he requested and required reasonable accommodation, (iv) he required an interactive process, (v) he lodged complaints, and (vi) he was over the age of 40.

115. Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff and/or played an important and integral role in said decision. Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

116. As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

117. In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of

punitive and exemplary damages in an amount according to proof.

## NINTH CAUSE OF ACTION

### MEAL AND REST BREAK VIOLATIONS

### (Against All Defendants)

118. Plaintiff refers to all allegations contained in paragraphs 1-117, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

119. *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

120. *Labor Code* §512 provides in pertinent part that, "An employer may not employ an employee for a work period of more than five hours per work day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

121. *Labor Code* §512 further provides in pertinent part that, "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

122. *Labor Code* §516 provides that the industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

123. Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-

job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

124. Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

125. Likewise, the IWC Wage Order(s) and provisions of the Labor Code require that an employer relieve an employee of duty for a ten minute break for every four hours worked.

126. While employed by Defendants, and at all times relevant herein, Plaintiff was misclassified as an exempt employee. He consistently worked over five (5) hours per shift and therefore was entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and, at least one rest break for every four hours worked.

127. At all times relevant herein, Plaintiff did not waive Plaintiff meal periods and/or rest breaks, by mutual consent with Defendants or otherwise.

128. At all times relevant herein, Plaintiff did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

129. Defendants failed to comply with the rest and meal period requirements established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s).

130. Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b), which states in pertinent part that "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal

Smaili & Associates, P.C.

period was not provided.

131.   Pursuant to *Labor Code* §218.6 and *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

## TENTH CAUSE OF ACTION

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

132.   Plaintiff refers to all allegations contained in paragraphs 1-131 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

133.   Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

134.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

135.   By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

136.   Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

137.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have received as an employee of Defendant, and each of them.

138.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For pre-judgment and post-judgment interest, according to proof;

4. For punitive and exemplary damages, according to proof;

5. For attorneys' fees, according to proof and statute;

6. For costs of suit incurred herein;

7. For such other relief and the Court may deem just and proper.

Dated: November 5, 2020        **SMAILI & ASSOCIATES, P.C.**


By: _/s/ Jihad M. Smaili_____
    Jihad M. Smaili, Esq.
    Attorneys for Plaintiff

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a trial by jury.

Dated: November 5, 2020              **SMAILI & ASSOCIATES, P.C.**


                                     By:  _/s/ Jihad M. Smaili_____
                                         Jihad M. Smaili, Esq.
                                         Attorneys for Plaintiff